Dear Representative Cantrell:
This opinion letter is in response to your questions regarding the "100-hour rule." Your opinion request outlines three questions. Basically you are asking whether the so-called "100-hour rule" has authority of law and what constitutes sufficient evidence to invoke the provisions of Section 290.210(3), RSMo 1986, requiring the Division of Labor Standards to go to two or more counties adjacent to the one in which the work or construction is to be performed when the determination has been made that there are not a sufficient number of competent skilled workmen to construct the public works efficiently and properly in the county where the work is to be done.
With regard to the "100-hour rule," there is neither a regulation nor a statute that prescribes this rule. This is a matter of policy of the Division of Labor Standards. The policy apparently is to simplify the determination process and while it may constitute some evidence of work being performed in a county of the nature being considered under the wage determination, it is incumbent on the division to look under every stone to find whether evidence exists for a determination of whether there is a sufficient number of competent skilled workmen to construct public works efficiently and properly.
Section 290.210(3), RSMo 1986, defines "locality" as meaning:
 . . . the county where the physical work upon public works is performed, except that if there is not available in the county a sufficient number of competent skilled workmen to construct the public works efficiently and properly, "locality" may include two or more counties adjacent to the one in which the work or construction is to be performed and from which such workers may be obtained in sufficient numbers to perform the work, and that, with respect to contracts with the state highways and transportation commission, "locality" may be construed to include two or more adjacent counties from which workmen may be accessible for work on such construction.
Examples of evidence which might be sufficient to sustain a determination that there are sufficient competent skilled workmen to construct the public works to be performed in the county might include — does the work require one carpenter and is there one carpenter in the county? Does the work require one laborer and is there a laborer in the county? How many competent skilled workmen are required to perform the particular job? Does the county contain that number? Certainly by looking at such things as building permits in the city records the division can ascertain whether the needs of the project can be met in the county. One hundred hours in and of themselves do not really tell us who is performing the work or from where they come. We would recommend that the division find a different mode of making the determination than what is perceived by policy to be a 100-hour rule.
In your inquiry you suggest that the division ignores collective bargaining agreements. If Section 290.210(3) is invoked in terms of going to adjacent counties because there is a lack of sufficient number of competent skilled workmen to construct the public works project efficiently and properly, then one turns to Section 290.260.1, RSMo 1986, which requires the department in determining prevailing wages to consider the applicable wage rates established by collective bargaining agreements, if any, and the rates that are paid generally within the locality. So if they go outside of the county to two or more adjoining counties, then the general rates in those counties must be considered, as well as the rates established by the collective bargaining agreements.
As to whether a collective bargaining agreement rate in a county applies over other rates, the question is not whether there is a collective bargaining agreement in the county where the work is to be done. The question is whether there is a sufficient number of competent skilled workmen to construct the public works efficiently and properly in the county where the physical work upon the public works is to be performed which is the subject of the wage determination.
Under Section 290.220, RSMo 1986, "It is hereby declared to be the policy of the state of Missouri that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed shall be paid to all workmen employed by or on behalf of any public body engaged in public works exclusive of maintenance work."
The object of analyzing the prevailing wage law is to ascertain legislative intent. Under Section 290.210(3), if there are not sufficient competent skilled workmen to construct a public works project, then we go to adjoining counties to try to determine if they have sufficient workers to perform the work. It is extremely difficult to apply a strict rule or policy of 100 hours to a project which may last several years and be in the millions of dollars. If it is truly the intent of the legislature to determine the prevailing hourly rate for wages for work of a similar character in the locality, then it seems logical to look in adjoining counties to see if similar work has been performed of the magnitude involved in the particular wage determination. The one difficulty, however, is that arguably if you have a collective bargaining agreement in the county where the work is to be performed, then you may well have a sufficient number of competent skilled workmen to construct the public works project efficiently and properly. However, that may not be the case when the only hours available are a hundred or less regardless of the affiliation of the worker. Thus it would seem to be appropriate in those cases to go to an adjoining county under Section 290.210(3) and look for work of a similar character to try to determine fairly what the proper rates are for the various crafts to perform the work.
The thoughts contained in this opinion letter do not preclude the division from considering the promulgation of a rule with reference to the policy established of looking at 100 hours of work. However, absent that rule the division does not appear to have sufficient authority to internally invoke a 100-hour rule in the prevailing wage process.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General